IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 13-00514 SOM/RLP |
| --- | --- | --- |
| | ) | Civ. No. 17-00409 SOM/RLP |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT SUGALU |
| vs. | ) | GALU'S MOTION UNDER 28 U.S.C. |
| | ) | § 2255 AS UNTIMELY; ORDER |
| | ) | DECLINING TO ISSUE A |
| SUGALU GALU (02); | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT SUGALU GALU'S
MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY;
ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.     INTRODUCTION.**

On May 23, 2013, the grand jury indicted Defendant Sugalu Galu and others for drug-related crimes. *See* ECF No. 17. On July 8, 2014, Galu pled guilty to Count 1 of the Indictment pursuant to a memorandum of plea agreement. *See* ECF Nos. 92-93. On May 7, 2015, Galu was sentenced to 240 months of imprisonment, 10 years of supervised release, and a $100 special assessment. *See* ECF No. 141. Judgment was entered the following day, May 8, 2015. *See* ECF No. 142. Galu did not appeal. *See* ECF No. 265, PageID # 1663 (28 U.S.C. § 2255 motion indicating Galu did not appeal).

Galu is seeking relief from his judgment and sentence under 28 U.S.C. § 2255, which provides for a motion by an incarcerated federal defendant to vacate, set aside, or correct a

sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." On August 14, 2017, the court issued an order to show cause why Galu's § 2255 motion was not untimely. *See* ECF No. 265. The court now denies Galu's § 2255 motion.

**II.     THE COURT DENIES GALU'S § 2255 MOTION.**

A motion under § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Galu does argue that there was an impediment to filing it, that the Supreme Court has recently recognized a

2

right, or that the facts supporting it were recently discovered, the limitation period runs from the date on which Galu's judgment became final. 28 U.S.C. § 2255(f)(1). For purposes of § 2255(f)(1), when a defendant appeals a judgment, the judgment becomes final when the Supreme Court rules on the merits, when the Supreme Court denies a petition for writ of certiorari, or when the time for filing a certiorari petitions expires. *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). However, when a defendant does not appeal a judgment, the judgment generally becomes final 14 days after the entry of judgment. *See United States v. Colvin*, 204 F.3d 1221, 1226 (9th Cir. 2000) (noting that a judgment becomes final when the time has passed for appealing it); Fed. R. Crim. P. 14(b)(1)(A).

Because there is a one-year limitation period for motions under 28 U.S.C. § 2255, and because Galu did not file the present motion until August 14, 2017, more than two years after judgment was entered on May 8, 2015, the motion is untimely. *See* ECF No. 277, PageID 1750 (conceding that the motion was not timely filed). Accordingly, the § 2255 motion must be denied unless Galu demonstrates that the limitation period should be equitably tolled. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner

establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."). Galu, however, is not asking for the limitation period to be equitably tolled. *See* ECF No. 277, PageID 1750.

Instead, Galu argues that this court lacked jurisdiction to impose his sentence because the Government had failed to comply with the prerequisites of the sentencing enhancement under 21 U.S.C. § 851. Galu then argues that, because the Government failed to comply with those requirements, he is actually innocent. *See* ECF No. 277, PageID 1750. There are multiple things wrong with these arguments.

The Ninth Circuit has held that § "851 is a procedural statute; the facts and the law either exist to enhance defendant's sentence or they don't." *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc). This court enhanced Galu's sentence pursuant to §§ 841 and 851 because the requirements for the enhancements had been met. This court had

4

subject matter jurisdiction to so enhance Galu's sentence, as a federal statute provided for the enhancement. Whether the requirements were met goes to whether the proper procedure was followed.

On December 12, 2013, before Galu pled guilty on July 8, 2014, the Government filed a Special Information as to Prior Drug Conviction of Defendant Pursuant to Title 21, United States Code, Section 851. *See* ECF Nos. 68, 92. To the extent Galu may be complaining that he was not properly served with this Special Information, the Notice of Electronic Filing on this court CM/ECF system indicates that it was electronically mailed to Galu's counsel, Brandon K. Flores, on December 12, 2013. *See* ECF No. 68. This filing of the Special Information and service on Galu's counsel complied with the requirements of 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.")).

The Special Information provided Galu and the court with notice that the Government was seeking to enhance Galu's sentence pursuant to 21 U.S.C. §§ 841 and 851 for his drug

5

conviction in *United States v. Galu*, Crim. No. 03-00555 HG.  *Id.*
In paragraph 10 of his Memorandum of Plea Agreement dated July 8,
2014, ECF No. 93, the parties stipulated that Galu had been
convicted of the felony drug conviction charged in Crim. No. 03-
00555 and that the conviction in that case was final at the time
of the plea agreement and at the time Galu had committed the
offenses charged in this case.  *Id.*, PageID # 257.

      Based on the amount of drugs involved, Galu's base
level offense was 32.  Galu had his offense level decreased by
two for accepting responsibility and by one for assisting
authorities in the investigation or prosecution of his own
misconduct by timely notifying authorities of his intention to
plead guilty.  This gave him a total offense level of 29.  Galu
had 5 criminal history points, giving him a criminal history
category of III.  Absent any statute requiring a different
sentence, Galu's sentencing guideline range would have been 108
to 135 months of imprisonment.  Given the required statutory
minimum sentence of 20 years, Galu's guideline term of
imprisonment ended up being 240 months.  *See* 21 U.S.C. § 841(b)
("If any person commits such a violation after a prior conviction
for a felony drug offense has become final, such person shall be
sentenced to a term of imprisonment which may not be less than 20
years and not more than life imprisonment. . . .").  Galu was
sentenced to 240 months imprisonment, along with a ten-year term

of supervised release and a $100 special assessment.  *See* Judgment, ECF No. 142.

In paragraph 18 of his Memorandum of Plea Agreement, ECF No. 93, Galu "waive[d] his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255," with the exceptions of arguing ineffective assistance of counsel and when this court imposes a sentence greater than the specified guideline range.  This waiver is enforceable under the circumstances presented here.  *See United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014).

Even if the waiver is not enforceable, Galu misunderstands the actual innocence exception.  In *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1931 (2013), the Supreme Court noted:

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.

*Id.* (quotation marks and citation omitted).  Accordingly, the Supreme Court held that the AEDPA's limitation period did not

preclude a court from entertaining an untimely habeas petition raising a convincing claim of actual innocence. *Id.*, 133 S. Ct. at 1933-35. This actual innocence exception is inapplicable here. Galu is not arguing that he was innocent of the drug crime charged. Instead, he is arguing that he is innocent of the sentencing enhancement because the Government supposedly failed to comply with the requirements of the enhancement. Galu is not arguing that an innocent person is being incarcerated and *McQuiggin* is inapplicable. *See United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014) ("we conclude that *McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction").

Galu's § 2255 motion is therefore denied as untimely.

**III. THE COURT DECLINES TO ISSUE GALU A CERTIFICATE OF APPEALABILITY.**

The court declines to grant Galu a certificate of appealability. An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). The court shall issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section

2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When, however, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id.

Because no reasonable jurist would find this court's determination that Galu's motion is untimely to be debatable, the court declines to issue Galu a certificate of appealability.

**IV.　CONCLUSION.**

Because Galu has failed to demonstrate that his claims were timely asserted, that the limitations period should be equitably tolled, or that the limitations period does not apply at all, the court denies Galu's untimely § 2255 motion. Additionally, the court dismisses the action in Civil No. 17-00409 SOM/RLP. The Clerk of Court is directed to enter judgment in favor of the United States in Civil No. 17-00409 SOM/RLP.

The court also declines to issue Galu a certificate of appealability.

9

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 4, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Galu, Crim. No. 13-00514 SOM/RLP and Civ. No. 17-00409 SOM/RLP; ORDER DENYING DEFENDANT SUGALU GALU'S MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY